## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

22-80118-Cr-Middlebrooks/Matthewman

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

YUNIOR BARRERA ALMAGUER,
JORGE S. ALVAREZ,
DARIEL GARCIA CARMONA,
JOSE RAUL AMARO,
LEINER PENA INFANTE,
YANDRE GARCIA HERNANDEZ, and
EDUARDO RAMOS LEYVA,
          Defendants.
_____/



FILED BY____*TM*____D.C.

**Jul 28, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment,

### The Paycheck Protection Program

1.    The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in March 2020, to provide financial assistance to Americans suffering economic harm from the COVID-19 pandemic. One source of relief provided through the CARES Act was the authorization of forgivable loans to businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program (PPP).

2.    The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

3.    The amount of a PPP loan that a small business was entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

4.    To obtain a PPP loan, a qualifying business was required to submit a PPP loan application which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5.    A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own funds. While a participating lender issued the PPP loan, the loan was 100% guaranteed

2

by the United States Small Business Administration, an executive branch agency of the United States government.

### The Defendants and Relevant Entities

6.      **YUNIOR BARRERA ALMAGUER, JORGE S. ALVAREZ, DARIEL GARCIA CARMONA, JOSE RAUL AMARO, and EDUARDO RAMOS LEYVA,** were residents of Miami, Florida.

7.      **LEINER PENA INFANTE**  was a resident of Naples, Florida.

8.      **YANDRE GARCIA HERNANDEZ** was a resident of Tampa, Florida.

9.      YBA Auto Sales, Inc. ("YBA Auto") was a Florida corporation with a principal address in Miami, Florida. **YUNIOR BARRERA ALMAGUER** was the president of YBA Auto.

10.      Saihdel Trucking, Inc. ("Saihdel") was a Florida corporation with a principal address in Miami, Florida.  **JORGE S. ALVAREZ** was the president of Saihdel.

11.      Construction by Design, LLC ("Construction by Design") was a Florida limited liability company with a principal address in Miami, Florida.  **DARIEL GARCIA CARMONA** was the registered agent of Construction by Design.

12.      JR Amaro Flooring, LLC ("JR Amaro") was a Florida limited liability company with a principal address in Miami, Florida.  **JOSE RAUL AMARO** was the registered agent and manager of JR Amaro.

13.      Construction47, Inc. ("Construction47") was a Florida corporation with a principal address in Miami, Florida.  **EDUARDO RAMOS LEYVA** was the president of Construction47.

3

14.     Penas Concrete Pumping Corp. ("Penas Concrete") was a Florida corporation with a principal address in Miami, Florida. **LEINER PENA INFANTE** was the president of Penas Concrete.

15.     Garcia & Son Remodeling Services Corp. ("Garcia & Son") was a Florida corporation with a principal address in Miami, Florida. **YANDRE GARCIA HERNANDEZ** was the president of Garcia & Son.

16.     EBO Construction, Inc. ("EBO") was a Florida corporation with a principal address in Lake Worth, Florida.

17.     P Aluminum, Inc. ("P Aluminum") was a Florida corporation with a principal address in Miami, Florida.

18.     Yansel Trucking, LLC ("Yansel Trucking") was a Florida limited liability company with a principal address in West Palm Beach, Florida.

19.     Ruben Transportation, Inc. ("Ruben") was a Florida corporation with a principal address in West Palm Beach, Florida.

20.     Company 1 was a Florida corporation with a principal address in Miami, Florida.

21.     Company 2 was a Florida corporation with a principal address in Lake Wales, Florida.

22.     Company 3 was a Florida corporation with a principal address in Hialeah, Florida.

23.     Company 4 was a Florida limited liability company with a principal address in West Palm Beach, Florida.

24. Company 5 was a Florida corporation with a principal address in Miami, Florida.

## Relevant Financial Institutions

25. The Bank of America Corporation ("Bank of America") was a federally insured financial institution headquartered in Charlotte, North Carolina.

26. JP Morgan Chase Bank, N.A. ("Chase") was a federally insured financial institution headquartered in New York, New York.

27. PNC Bank ("PNC") was a federally insured financial institution headquartered in Pittsburgh, Pennsylvania.

28. Regions Bank ("Regions") was a federally insured financial institution headquartered in Birmingham, Alabama.

29. TD Bank, N.A. ("TD Bank") was a federally insured financial institution headquartered in Cherry Hill, New Jersey.

30. Wells Fargo & Company ("Wells Fargo") was a federally insured financial institution headquartered in New York, New York.

31. Kabbage, Inc. ("Kabbage") was a financial services company headquartered in Atlanta, Georgia.

### COUNT 1
### Conspiracy to Commit Wire Fraud
### 18 U.S.C. § 1349

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2020, and continuing through in or around October 2020, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

5

**YUNIOR BARRERA ALMAGUER,
LEINER PENA INFANTE,
YANDRE GARCIA HERNANDEZ,
and
EDUARDO RAMOS LEYVA,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly

combine, conspire, confederate, and agree with each other, and with others known and

unknown to the Grand Jury, to commit an offense against the United States, that is, to

knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining

money and property by means of false and fraudulent pretenses, representations, and

promises and to transmit and cause to be transmitted by means of wire communication

in interstate commerce writings, signs, signals, and pictures for the purpose of executing

such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3.      It was the purpose of the conspiracy for the conspirators to unlawfully enrich

themselves and others by, among other things, submitting and causing the submission of

false and fraudulent applications for PPP loans and diverting the proceeds of those loans

for the personal use and benefit of the conspirators and others and to further the

conspiracy.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their conspirators sought to

accomplish the object and purpose of the conspiracy included, among others, the

following:

4.      **LEINER PENA INFANTE, YANDRE GARCIA HERNANDEZ, EDUARDO**

**RAMOS LEYVA,** and other co-conspirators provided **YUNIOR BARRERA ALMAGUER**

with information about companies they controlled, including Penas Concrete, Garcia &

6

Son, Construction47, EBO, P Aluminum, Ruben, Yansel Trucking, Company 1 and Company 2, knowing that **YUNIOR BARRERA ALMAGUER** would use this information to submit false and fraudulent PPP loan applications.

5.      **YUNIOR BARRERA ALMAGUER** submitted and caused to be submitted approximately 20 PPP loan applications on behalf of the companies provided by his co-conspirators. These applications sought approximately $8,000,000 in PPP loan funds.

6.      On each PPP loan application, **YUNIOR BARRERA ALMAGUER** falsely stated and caused to be stated the named applicant company's number of employees and monthly expenses. In support, **YUNIOR BARRERA ALMAGUER** submitted and caused to be submitted false and fraudulent IRS forms, which purported to document income and expenses from the named applicant company.

7.      The conspirators received approximately $8,000,000 in PPP loan funds as a result of the false and fraudulent PPP loan applications.

8.      The conspirators spent much of the loan proceeds for their personal use and benefit, not for payroll costs, interest on mortgages, rent, or utilities.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2–4
### Wire Fraud
### 18 U.S.C. § 1343

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      In or around June 2020, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, the defendants,

7

**YUNIOR BARRERA ALMAGUER,**
**LEINER PENA INFANTE,**
**YANDRE GARCIA HERNANDEZ,**
**and**
**EDUARDO RAMOS LEYVA,**

knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, and pictures for the purpose of executing such scheme and artifice.

### Purpose of the Scheme and Artifice

3.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves and others by, among other things, submitting and causing the submission of false and fraudulent applications for PPP loans and diverting the proceeds of those loans for the personal use and benefit of the defendants, their accomplices, and others and to further the scheme and artifice.

### The Scheme and Artifice

4.      The Manner and Means section of Count 1 of this Indictment is realleged and incorporated by reference as though fully set forth herein to describe the manner and means of the scheme and artifice.

### Use of the Wires

5.      On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants specified as to each count below, for the purpose of executing and in furtherance of the aforesaid

8

scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire

communication, certain writings, signs, signals, and pictures, as described below:

| Count | Defendants | Approximate Date | Description of Wire |
|---|---|---|---|
| 2 | YUNIOR BARRERA ALAMAGUER and LEINER PENA INFANTE | June 27, 2020 | Electronic transmission of fraudulent PPP loan application for Penas Concrete to Kabbage. |
| 3 | YUNIOR BARRERA ALAMAGUER and YANDRE GARCIA HERNANDEZ | June 28, 2020 | Electronic transmission of fraudulent PPP loan application for Garcia & Son to Kabbage. |
| 4 | YUNIOR BARRERA ALAMAGUER and EDUARDO RAMOS LEYVA | June 29, 2020 | Electronic transmission of fraudulent PPP loan application for Construction47 to Kabbage. |

All in violation of Title 18, United States Code, Sections 1349 and 2.

### COUNT 5
### Conspiracy to Launder Money
### 18 U.S.C. § 1956(h)

From in or around May 2020, and continuing through in or around August 2021,

the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern

District of Florida, and elsewhere, the defendants,

**YUNIOR BARRERA ALMAGUER,**
**JORGE S. ALVAREZ,**
**DARIEL GARCIA CARMONA,**
**JOSE RAUL AMARO,**
**LEINER PENA INFANTE,**
**YANDRE GARCIA HERNANDEZ,**
**and**
**EDUARDO RAMOS LEYVA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly

combine, conspire, confederate, and agree with each other, and with others known and

unknown to the Grand Jury, to commit an offense against the United States, that is, to

9

knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 6-26
### Money Laundering
### 18 U.S.C. § 1956(a)(1)(B)(i)

1.     Paragraphs 6-31 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about the dates specified as to each count below, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**YUNIOR BARRERA ALMAGUER,
JORGE S. ALVAREZ,
DARIEL GARCIA CARMONA,
JOSE RAUL AMARO,
LEINER PENA INFANTE,
YANDRE GARCIA HERNANDEZ,
and
EDUARDO RAMOS LEYVA,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds

of some form of unlawful activity, and knowing that the transaction was designed in whole

and in part to conceal and disguise the nature, location, source, ownership, and control

of the proceeds of specified unlawful activity, as more specifically described below:

| Count | Defendants | Approximate Date | Description of Transaction |
|---|---|---|---|
| 6 | **YUNIOR BARRERA ALMAGUER** and **JOSE RAUL AMARO** | June 17, 2020 | Deposit of check number 1207 in the amount of $14,800 drawn on Bank of America account ending in 1965 held in the name of JR Amaro to Bank of America account ending in 9426 held in the name of Company 3. |
| 7 | **YUNIOR BARRERA ALMAGUER** | June 22, 2020 | Deposit of check number 1047 in the amount of $23,800 drawn on PNC account ending in 0889 held in the name of Yansel Trucking to Bank of America account ending in 9426 held in the name of Company 3. |
| 8 | **YUNIOR BARRERA ALMAGUER** | June 23, 2022 | Deposit of check number 1048 in the amount of $26,200 drawn on PNC account ending in 0889 held in the name of Yansel Trucking to Bank of America account ending in 9426 held in the name of Company 3. |
| 9 | **YUNIOR BARRERA ALMAGUER** and **JOSE RAUL AMARO** | June 24, 2020 | Deposit of check number 1209 in the amount of $11,625 drawn on Bank of America account ending in 1965 held in the name of JR Amaro to Bank of America account ending in 9426 held in the name of Company 3. |
| 10 | **YUNIOR BARRERA ALMAGUER** and **JORGE S. ALVAREZ** | July 21, 2020 | Deposit of check numbers 1131 in the amount of $27,000 and 1132 in the amount of $9,500 drawn on TD Bank account ending in 5027 held in the name of P Aluminum to Bank of America account ending in 9481 held in the name of Saihdel. |
| 11 | **YUNIOR BARRERA ALMAGUER, YANDRE GARCIA HERNANDEZ,** and **JORGE S. ALVAREZ** | July 24, 2020 | Deposit of check numbers 138 in the amount of $20,000 and 139 in the amount of $10,000 drawn on Bank of America account ending in 8107 held in the name of Garcia & Son to Bank of America account ending in 9481 held in the name of Saihdel. |
| 12 | **YUNIOR BARRERA ALMAGUER, EDUARDO RAMOS LEYVA,** and **YANDRE GARCIA HERNANDEZ** | July 24, 2020 | Deposit of check number 1176 in the amount of $25,000 drawn on Bank of America account ending in 5610 held in the name of Construction47 to Bank of America account ending in 8107 held in the name of Garcia & Son. |

| Count | Defendants | Approximate Date | Description of Transaction |
|---|---|---|---|
| 13 | YUNIOR BARRERA ALMAGUER, EDUARDO RAMOS LEYVA, and JORGE S. ALVAREZ | July 30, 2020 | Deposit of check number 1199 in the amount of $19,000 drawn on Bank of America account ending in 5610 held in the name of Construction47 to Bank of America account ending in 9481 held in the name of Saihdel. |
| 14 | YUNIOR BARRERA ALMAGUER and DARIEL GARCIA CARMONA | August 6, 2020 | Deposit of check number 107 in the amount of $20,000 drawn on TD Bank account ending in 3399 held in the name of Construction by Design to Bank of America account ending in 2239 held in the name of EBO. |
| 15 | YUNIOR BARRERA ALMAGUER | September 1, 2020 | Deposit of check number 6051 in the amount of $11,000 drawn on Chase account ending in 2275 held in the name of Company 1 to Chase account ending in 6375 held in the name of Company 4. |
| 16 | YUNIOR BARRERA ALMAGUER | September 4, 2020 | Deposit of check number 6053 in the amount of $3,840 drawn on Chase account ending in 2275 held in the name of Company 1 to Chase account ending in 6375 held in the name of Company 4. |
| 17 | YUNIOR BARRERA ALMAGUER | September 22, 2020 | Deposit of check number 451 in the amount of $8,000 drawn on TD Bank account ending in 7283 held in the name of Company 2 to Chase account ending in 6375 held in the name of Company 4. |
| 18 | YUNIOR BARRERA ALMAGUER | September 24, 2020 | Deposit of check number 453 in the amount of $20,000 drawn on TD Bank account ending in 7283 held in the name of Company 2 to Chase account ending in 6375 held in the name of Company 4. |
| 19 | YUNIOR BARRERA ALMAGUER and LEINER PENA INFANTE | October 7, 2020 | Deposit of check number 1036 in the amount of $9,900 drawn on Bank of America account ending in 9536 held in the name of Penas Concrete to Chase account ending in 6375 held in the name of Company 4. |
| 20 | YUNIOR BARRERA ALMAGUER and LEINER PENA INFANTE | October 7, 2020 | Deposit of check numbers 1038 in the amount of $22,000 and 1039 in the amount of $8,000 drawn on Bank of America account ending in 9536 held in the name of Penas Concrete to Wells Fargo account ending in 7133 held in the name of EBO. |
| 21 | YUNIOR BARRERA ALMAGUER | October 8, 2020 | Deposit of check number 1203 in the amount of $20,000 drawn on Wells Fargo account ending in 7133 held in the name of EBO to Regions account ending in 2729 held in the name of YBA Auto. |
| 22 | YUNIOR BARRERA ALMAGUER | October 13, 2020 | Deposit of check number 1204 in the amount of $39,000 drawn on Wells Fargo account ending in 7133 held in the name of EBO to Regions account ending in 2729 held in the name of YBA Auto. |

| Count | Defendants | Approximate Date | Description of Transaction |
|-------|-----------|------------------|---------------------------|
| 23 | **YUNIOR BARRERA ALMAGUER** and **LEINER PENA INFANTE** | October 14, 2020 | Deposit of check number 1043 in the amount of $10,500 drawn on Bank of America account ending in 9536 held in the name of Penas Concrete to Chase account ending in 6375 held in the name of Company 4. |
| 24 | **YUNIOR BARRERA ALMAGUER** and **LEINER PENA INFANTE** | October 15, 2020 | Deposit of check numbers 1048 in the amount of $38,000 and 1050 in the amount of $13,000 drawn on Bank of America account ending in 9536 held in the name of Penas Concrete to Wells Fargo account ending in 7133 held in the name of EBO. |
| 25 | **YUNIOR BARRERA ALMAGUER** | October 27, 2020 | Deposit of check number 1210 in the amount of $24,000 drawn on Wells Fargo account ending in 7133 held in the name of EBO to Regions account ending in 2729 held in the name of YBA Auto. |
| 26 | **YUNIOR BARRERA ALMAGUER** | March 11, 2021 | Deposit of check number 187 in the amount of $46,800 drawn on TD Bank account ending in 0431 held in the name of Company 5 to Regions account ending in 2729 held in the name of YBA Auto. |

3.     It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATIONS

1.     The allegations of this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **YUNIOR BARRERA ALMAGUER, JORGE S. ALVAREZ, DARIEL GARCIA CARMONA, JOSE RAUL AMARO, LEINER PENA INFANTE, YANDRE GARCIA HERNANDEZ, and EDUARDO RAMOS LEYVA** have an interest.

2.     Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1343 as alleged in this Indictment, the defendants, shall forfeit to the United States of America, any property, real or personal, which constitutes

or is derived from proceeds traceable to such offense pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.      Upon conviction of any violation of Title 18, United States Code, Section 1956 as alleged in this Indictment, the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.      The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the amount of approximately $8,000,000.

5.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, the following:

> i.  2021 Cadillac Escalade, 4 Dr. Sport Platinum 6.2L, V8, VIN No. 1GYS3GHL2MR258015;
>
> ii. 2021 Cadillac Escalade Sport Platinum 4 Dr. Sport, VIN No. 1GYS4GKL8MR237263;

14

iii.  2021 Cadillac Escalade ESV Utility 4D Sport Platinum, VIN No. 1GYS3RKL2MR323196;

iv.  2021 Aluma Ltd Vehicle Trailer 30', VIN No. 1YGUS3029MB227570;

v.  2019 Big Tex Trailer, VIN No. 16VCX2029K2058030;

vi.  2013 Rolls Royce, VIN No. SCA664S58DUX51779;

vii.  2018 Rolls Royce, VIN No. SCA664S59JUX54475;

viii.  Real property located at 14020 SW 34th St., Miami, FL 33175, parcel no. 30-4915-001-1128;

ix.  Real property located at 14814 SW 30th Terrace, Miami, FL 33185, parcel no. 30-4916-031-00120;

x.  Real property located at 14813 SW 30th Terrace, Miami, FL 33185, parcel no. 30-4916-031-0130;

xi.  Real property located at 360 Harbor Island Drive, Unit 11, North Bay Village, FL 33141, parcel no. 23-3209-058-0110;

xii.  Real property located at 360 Harbor Island Drive, Unit 1, North Bay Village, FL 33141, parcel no. 23-3209-058-0010; and

xiii.  Real property located at 7900 Harbor Island Drive, Unit 919, North Bay Village, FL 33141, parcel no. 23-3209-052-1980.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(1), and the procedures set forth in Title 21, United States

Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and

Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____

FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

SUSAN OSBORNE
ASSISTANT UNITED STATES ATTORNEY

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO.:

v.

YUNIOR BARRERA ALMAGUER,                    **CERTIFICATE OF TRIAL ATTORNEY***

et al.,
_____/           **Superseding Case Information:**

**Court Division** (select one)             New Defendant(s) (Yes or No)
   □ Miami   □ Key West   □ FTP    Number of New Defendants
   □ FTL   ■ WPB                      Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect:  Spanish (all)

4. This case will take 8-10 days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)            (Check only one)
   I   □ 0 to 5 days        □ Petty
   II  ■ 6 to 10 days      □ Minor
   III □ 11 to 20 days    □ Misdemeanor
   IV □ 21 to 60 days    ■ Felony
   V  □ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Rodney Smith     Case No. 21-80160-CR-SMITH

9. Defendant(s) in federal custody as of N/A

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____

SUSAN OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500797

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   YUNIOR BARRERA ALMAGUER

**Case No**:

Count #: 1
Conspiracy to commit wire fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $250,000 or twice the gross gain or loss, whichever is greater**

Counts #: 2, 3, 4
Wire fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $250,000 or twice the gross gain or loss, whichever is greater**

Count #: 5
Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

Counts #: 6 - 26
Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:  JORGE S. ALVAREZ

**Case No**:

Count #: 5

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

Counts #: 10, 11, 13

Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

Defendant's Name: DARIEL GARCIA CARMONA

Case No: _____

Count #: 5

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

Count #: 14

Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(*i*)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name**:   JOSE RAUL AMARO

**Case No**: _____

Count #: 5

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

Counts #: 6, 9

Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:  LEINER PENA INFANTE

**Case No**:

Count #: 1
Conspiracy to commit wire fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine:   $250,000 or twice the gross gain or loss, whichever is greater**

Count #: 2
Wire fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine:   $250,000 or twice the gross gain or loss, whichever is greater**

Count #: 5
Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

Counts #: 19, 20, 23, 24
Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:  YANDRE GARCIA HERNANDEZ

Case No: _____

Count #: 1
Conspiracy to commit wire fraud

Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: up to 3 years
* Max. Fine:   $250,000 or twice the gross gain or loss, whichever is greater

Count #: 3
Wire fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: up to 3 years
* Max. Fine:   $250,000 or twice the gross gain or loss, whichever is greater

Count #: 5
Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: up to 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater

Counts #: 11, 12
Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: up to 3 years
* Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater

*Refers only to possible term of incarceration, supervised release and fines.   It does not
include restitution, special assessments, parole terms, or forfeitures that may be applicable.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   EDUARDO RAMOS LEYVA

**Case No**: _____

Count #: 1
Conspiracy to commit wire fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine:   $250,000 or twice the gross gain or loss, whichever is greater**

Count #: 4
Wire fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine:   $250,000 or twice the gross gain or loss, whichever is greater**

Count #: 5

Conspiracy to commit money laundering

Title 18, United States Code, Section 1956(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

Counts #: 12, 13

Money laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): n/a**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: $500,000 or twice the value of the property involved in the transaction, whichever is greater**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.